# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER A. CUMMINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 1:16-cv-00023 |
| ) | CHIEF JUDGE CRENSHAW |
| SHAUN PHILLIPS, Warden ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Petitioner Christopher A. Cummins, a state prisoner incarcerated at the Northwest Correctional Center in Tiptonville, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. (Doc. No. 1.) Petitioner is proceeding *in forma pauperis*. (Doc. No. 6.)

Presently before the Court is Petitioner's motion to amend the petition ("Motion"). (Doc. No. 35.)[1] Respondent asserts that Petitioner's Motion should be denied because the claim for prosecutorial misconduct alleged in the amended petition does not relate back and is time-barred, and even if Petitioner were granted leave to amend, amendment would be futile.

## Factual Allegations and Procedural History

Petitioner was convicted by a jury in the Wayne County Criminal Court of one count of first-degree murder. He was sentenced to life imprisonment. The Tennessee Court of Criminal

---

[1] Petitioner filed a document styled "Reply to the Respondent's Answer to and Amended Petition for Habeas Corpus Relief." (Doc. No. 35). The Court construed this document as a motion to amend and amendment to the petition and directed Respondent to file a response to the motion to amend. (Doc. No. 40.) After receiving one extension of time, Respondent timely filed his opposition. (Doc. No. 48.) Petitioner was permitted to, but did not file a reply to Respondent's response.

Appeals ("TCCA") affirmed Petitioner's conviction in an unpublished opinion issued on October 22, 2012. Petitioner sought leave to appeal to the Tennessee Supreme Court ("TSC"), which was denied on March 5, 2013.

Petitioner sought post-conviction relief in the state trial court which was denied on May 22, 2014. Petitioner appealed to the TCCA which affirmed the judgment of the state post-conviction court on July 9, 2015. Petitioner's application for leave to appeal to the TSC was denied on November 24, 2015.

On April 8, 2016, Petitioner timely filed his original petition alleging claims for (verbatim):

> 1a. The Trial Court Abused its Discretion for Failing to Grant a Continuance Where the State Prosecutor Presented a Witness on the Day of Trial Denying Cummins the Ability to Interview Said Witness so that he Can Prepare for Trial and Prevent Surprise Effectively Denying Cummins his Right to a Fair Trial in Violation of the Sixth and Fourteenth Amendment;
>
> b. The State Committed Prosecutorial Misconduct for Deliberately Concealing a Material Witness until the Day of Trial Violating Cummins Due Process Right to a Fair Trial under the Sixth and Fourteenth Amendments.
>
> 2. Counsel was Ineffective for:
>
>    a. Failing to Object to Prior Bad Acts or Conviction that Cummins Manufactured Methamphetamine;
>
>    b. Improperly Influencing Cummins Not to Testify;
>
>    c. Not Calling a Witness from Jail to Contradict Brian Smith's Testimony that Cummins Showed Him a Photograph of the Victim's Body.

(Doc. No. 1 at Page ID## 5-7 (emphasis omitted).) Respondent filed an Answer arguing that Petitioner's claims failed on the merits. (Doc. No. 15.) Petitioner filed a Reply responding to Respondent's arguments regarding the claims raised in his original petition, moving to amend the petition and filing an amendment to the petition raising a claim for prosecutorial misconduct

2

based on the improper admission of evidence regarding Petitioner's prior bad acts in violation of his rights under the Sixth and Fourteenth Amendments. (Doc. No. 35 at Page ID# 2340.)[2] The Court directed Respondent to file a response to the motion to amend; which he did, arguing that the prosecutorial-misconduct claim is time-barred and does not relate back, and even if this were not the case, amendment would be futile because if counsel was not ineffective for failing to object to the admission of prior bad acts evidence, admission of the evidence would not amount to prosecutorial misconduct.

## **Discussion**

I.  Statute of Limitations

Respondent argues that the prosecutorial-misconduct claim is barred by the statute of limitations because it was not raised until October 6, 2016.[3]

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the Tennessee Court of Criminal Appeals issued an opinion affirming the trial court's judgment, Petitioner applied for permission to appeal to the Tennessee Supreme Court, which was denied

---

[2] Hereinafter all references to a prosecutorial-misconduct claim refer to the claim at issue in the instant Motion, and not the claim raise in the original petition.

[3] Respondent states that the amendment to the petition was not filed until October 12, 2016; however, the document itself is stamped received on October 11, 2016. Regardless however, under Sixth Circuit precedent, a document is deemed filed when handed to prison authorities for mailing to the federal court. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner declares that he placed the amendment to the petition in the prison mailing system on October 6, 2016. Accordingly, it shall be deemed filed as of that date. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

3

on March 5, 2013. State v. Cummins, No. M2011-02264-CCA-R3CD, 2012 WL 5193393, at *1 (Tenn. Crim. App. Oct. 22, 2012) (Cummins I). Petitioner did not file a petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 3, 2013. Under § 2244(d)(1)(A), Petitioner had one year from that date within which to file his amended petition. Petitioner did not file his amended petition in this Court until October 6. 2016. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Id.; McClendon v. Sherman, 329 F.3d 490, 493 (6th Cir. 2003). On September 25, 2013, when Petitioner filed his petition for state post-conviction relief the limitations period was statutorily tolled. See 28 U.S.C. § 2244(d)(2). On November 25, 2015, the date after the Tennessee Supreme Court denied review in the post-conviction proceeding, the limitations period resumed. See Lawrence, 549 U.S at 332. At that point, Petitioner had 251 days within which to file his federal habeas petition, or until August 1, 2016.[4] Petitioner timely filed the original petition on April 7, 2016. Petitioner, however, did not file the instant amended petition until October 6,

---

[4] 2016 was a leap year so February, 2016 had 29 days.

4

2016, more than two months after the statute of limitations expired. Thus, his amended petition is untimely.

    II.    Relation Back

Although the prosecutorial-misconduct claim is time-barred, Petitioner may still be permitted to amend the petition if this claim "relates back" to claims raised in the original petition. Respondent argues that the prosecutorial misconduct claim in the amended petition does not relate back because this claim addresses the behavior of a different person based on a different constitutional violation.

Fed.R.Civ.P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Under Fed.R.Civ.P. 15(c), an otherwise time-barred amendment to a pleading is permitted if it "relates back to the date of the original [timely] pleading." Relation back occurs when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). The Supreme Court has clarified that in the context of federal habeas proceedings governed by the AEDPA's one-year statute of limitations, an amendment to the petition to add untimely claims is permitted under Fed.R.Civ.P. 15(c)(2) only when the proposed claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Mayle, 545 U.S. at 657. In other words, "[a]n amended petition . . . does not relate back (and thereby escape the AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

5

In the original petition, Petitioner alleged that his trial counsel was ineffective for failing to object to the admission of evidence of prior bad acts, namely, the admission of evidence that Petitioner manufactured methamphetamines. (Doc. No. 1 at Page ID# 6.) In his Motion, Petitioner clarifies this claim, explaining that his trial counsel was ineffective for failing to object to the prosecutor's opening statement in which the prosecutor told the jury that Krystal Cummins, Petitioner's wife, would testify that she and Petitioner were having marital problems because he was making methamphetamine. (Doc. No. 35 at Page ID# 2354.) Ms. Cummins was later called as a witness by the state to testify against Petitioner, at which time the prosecutor questioned Ms. Cummins about the couple's marital problems:

> Q [Prosecutor] Okay. Let me take you back, if I can, to April 17th of 2010. Describe, if you would for us your marriage, the state of your marriage to [Petitioner] at that time?
>
> A. [Krystal Cummins] In April?
>
> Q. April
>
> A. It was difficult. I was – I was constantly having to have all phone calls on speakerphone. There was constantly arguments about meth being made, meth being done.
>
> Q. Is that arguing about meth being made – who was making methamphetamine?
>
> A. My husband, Chris.
>
> Q. How did that make you feel?
>
> A. Well, I didn't want it around me or my children and I didn't want him to do that around us.
>
> Q. Did you express that to him?
>
> A. Yes, sir.

6

(Doc. No. 35 Page ID# 2350.) Petitioner notes that his counsel objected to the relevance of this line of questioning, but "it is unclear as to what counsel was specifically objecting." (Doc NO. 35 at Page ID# 2350.) The trial court overruled the objection. (Id.)

With respect to the prosecutorial misconduct claim in the amended petition, Petitioner alleges that, "the prosecutor committed prosecutorial misconduct for deliberately admitting or eliciting testimony at trial from a state witness that Cummins' was manufacturing methamphetamine . . ." (Doc. No. 35 at Page ID #2340.) Petitioner clarifies this claim by explaining that the prosecutor introduced the prior bad acts evidence in his opening statement and through the testimony of Ms. Cummins. (See id. at Page 2340, 2344.)

As is manifest, the facts that Petitioner relied on in the original petition to support his claim for ineffective assistance of trial counsel are the same facts that he relies on to support the prosecutorial-misconduct claim, to wit: the prosecutor's comments in his opening statement and the testimony of Krystal Cummins regarding Petitioner's manufacturing of methamphetamine. Respondent's arguments otherwise are unavailing. It matters not that the constitutional right violated with respect to the claim for ineffective assistance of trial counsel is different than that violated with respect to the prosecutorial-misconduct claim. See e.g. Felix, 545 U.S. at 659 n.5 (stating that a claim that merely adds 'a new legal theory tied to the same operative facts as those initially alleged' will relate back and be timely"); Wright v. LeGrand, No. 3:12-cv-00286-MMD-VPC, 2014 WL 3428487, at *l–2 (D.Nev. July 10, 2014) (stating that "[t]he point that the amended claim is based upon a legal theory of ineffective assistance of counsel and the original claim was based upon a legal theory of prosecutorial misconduct is not determinative.") Nor does it matter that the actor in the claim for ineffective assistance of trial counsel, Petitioner's trial counsel, is different than the actor in the prosecutorial-misconduct claim, the prosecutor.

7

Wright, 2014 WL 3428487, at *1-2 (rejecting respondent's argument that the ineffective-assistance claim . . . arises from operative facts different in time and type from the [prosecutorial misconduct claim] because the ineffective-assistance claim is directed to defense counsel's actions whereas the [prosecutorial misconduct] claim is directed to the prosecutor's actions.") Because the prosecutorial-misconduct claim raised in the amendment to the petition relies on the same set of operative facts as the claim for ineffective assistance of trial counsel raised in the original petition, the prosecutorial-misconduct claim relates back and is considered timely.

III. Futility

While the prosecutorial-misconduct claim is deemed timely for the reasons discussed above, Petitioner will not be permitted to amend his petition to raise this claim because doing so would be futile. In determining whether to grant leave to amend, the Court considers, among other things, whether there has been "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir.1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir.1994). Where Petitioner raises a procedurally defaulted claim, amendment would be futile and the motion to amend may be denied. Wiedbrauk v. Lavigne, 174 F.App'x 993, 1001 (6th Cir. 2006).

Petitioner does not dispute that he failed to raise the prosecutorial-misconduct claim during his direct appeal or state post-conviction proceedings. As such, this claim is unexhausted. However, because he completed available post-conviction remedies in state court, Petitioner has exhausted his state remedies; there is no other procedure under Tennessee law that would allow him to present to the state courts the prosecutorial misconduct claim alleged in the amended petition. See Tenn. Code Ann. 40-30-102(a). As a result, this claim is considered exhausted but

8

procedurally barred. See Cone v. Bell, 243 F.3d 961, 967 (6th Cir. 2001) (citing Coleman, 501 U.S. at 752-53), rev'd on other grounds, 535 U.S. 635 (2002). (concluding that "[i]f the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred.")

Where, as here, Petitioner failed to comply with state procedural rule requiring the timely presentation of a constitutional claim, he waived the right to federal habeas corpus review of that claim "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." Wainwright v. Sykes, 433 U.S. 72, 84 (1977); accord Engle v. Isaac, 456 U.S. 107, 129 (1982) (recognizing that "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.")

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) (concluding that "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") Therefore, to excuse his procedural default of the prosecutorial misconduct claim alleged in the amended petition, Petitioner must first demonstrate cause for his failure to present this claim to the state courts. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

9

counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner lays blame on his appellate and state post-conviction counsel for failing to raise the prosecutorial-misconduct claim on direct or collateral review. "[A] petitioner [ordinarily] cannot claim constitutionally ineffective assistance of counsel" at "state post-conviction proceedings" because "[t]here is no constitutional right to an attorney" at those proceedings. Coleman v. Thompson, 501 U.S. at 752. As such, attorney error in state post-conviction proceedings "cannot constitute cause to excuse [a] default in federal habeas." Id. at 757.

In Martinez v. Ryan, 132 S.Ct. 1309, 1315 (2012), upon which Petitioner relies, the Supreme Court "qualified" the general rule set forth in Coleman, holding that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 132 S.Ct. at 1320.[5]

Thus, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of <u>a claim of ineffective assistance of at trial</u>. Id. at 1315 (emphasis added). The Sixth Circuit has strictly enforced the limitation on the scope of Martinez, explaining that "[w]e will assume that the Supreme Court meant exactly what it wrote." Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013) (holding that ineffective assistance

---

[5] In Trevino v. Thaler, 133 S.Ct. 1911 (2013) the Supreme Court narrowly expanded the holding in Martinez to cases in which "state procedural law does not expressly prohibit a defendant from raising an ineffective-assistance claim on direct appeal, [but] the state's 'procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal'." West v. Carpenter, 790 F.3d 693, 697 (6th Cir. 2015), cert. denied sub nom. West v. Westbrooks, 136 S. Ct. 1456, 194 L. Ed. 2d 557 (2016) (quoting Trevino, 133 S.Ct. at 1921).

of post-conviction counsel did not excuse default of substantive mental-competence claim or of ineffective-assistance-of-appellate-counsel claim).[6] Petitioner seeks to amend the petition to raise a prosecutorial-misconduct claim, not a claim for ineffective assistance of trial counsel. Thus, Martinez cannot save this claim.

Petitioner fares no better with respect to his argument that ineffective assistance of his appellate counsel was the "cause" for his procedural default of the prosecutorial-misconduct claim. As noted above, to show cause sufficient to excuse a failure to raise the prosecutorial-misconduct claim in state court, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in the state court. Murray, 477 U.S. at 488. Factors that may establish cause include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. Cvijetinovic v. Eberlin, 617 F.3d 833, 837 (6th Cir. 2010) (citing Hargrave-Thomas v. Yukins, 374 F.3d 383, 388 (6th Cir. 2004) (quoting McClesky, 499 U.S. at 493-94 (quotations omitted)). However, to serve as cause to excuse the default, a claim of ineffective assistance of appellate counsel must be properly exhausted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Petitioner has never raised a claim for ineffective assistance of appellate counsel in the state courts. Thus, this claim is unexhausted, but because Petitioner cannot now exhaust this claim in state court, the claim is considered exhausted, but procedurally defaulted. See Cone, 243 F.3d at 967. As a result, for Petitioner to use the claim for ineffective assistance of appellate counsel as "cause" for his failure to exhaust his prosecutorial-misconduct

---

[6] Very recently, the Supreme Court confirmed its hesitance to expand the scope of Martinez. See Davila v. Davis, 137 S.Ct. 2058, 2065 (2017) (stating "Petitioner asks us to extend Martinez to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim. We decline to do so.")

claim, he must first meet the "cause" and "prejudice" standard for the claim of ineffective assistance of appellate counsel underline. See Edwards, 529 U.S. at 451-53 (holding that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. And we held in [Murray v. Carrier, 477 U.S. at 488-89] that the principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require *that* constitutional claim, like others, to be first raised in state court." (emphasis in original).)

Petitioner does not point to any "objective factor external to the defense" that prevented him from raising an ineffective assistance of appellate counsel in the state court. Murray, 477 U.S. at 488. Consequently, Petitioner has not established "cause" to overcome the procedural default of his claim for ineffective assistance of appellate counsel. As such, he cannot use appellate counsel's alleged ineffectiveness as cause to excuse his failure to raise the prosecutorial-misconduct claim in state court. Consequently, amendment would be futile.

## Conclusion

Based on the foregoing, Petitioner's motion to amend the petition will be denied. This matter is now fully briefed. The Court will issue a decision as soon as practicable.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE